Eastern District of Kentucky
FILED
MAY 2 5 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CRIMINAL ACTION NO. 02-54-DLB
CIVIL ACTION NO. 04-54-DLB

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.            **MEMORANDUM OPINION AND ORDER**

ANDRE LAVELLE DAVIS                                                   DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court on defendant's motion to vacate or set aside his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. # 58) Consistent with local practice, this matter was referred to Magistrate Judge J. Gregory Wehrman for the purpose of reviewing the motion and preparing a Report and Recommendation (R&R). After reviewing the issues raised by Davis, Magistrate Judge Wehrman recommended that defendant's motion should be denied. (Doc. # 70)

After taking an unauthorized interlocutory appeal of Magistrate Judge Wehrman's R&R to the Sixth Circuit Court of Appeals, and the appeal being dismissed for lack of jurisdiction, the Court gave defendant twenty days to file objections to the R&R. (Doc. # 74). Defendant has finally submitted his timely objections (Doc. # 75) to the R&R which are currently pending before the Court. The Court considers the objections *de novo.*

Having reviewed Magistrate Judge Wehrman's exhaustive and well-reasoned R&R, the Court is of the opinion that no jurisprudential value would be served by issuing a separate opinion. The Court further concludes that the R&R should be adopted in full and

1

that the motion to vacate and set aside sentence should be denied. Nothing in defendant's objections alters the Court's decision. The Court therefore adopts the decision of Magistrate Judge Wehrman as the findings of fact and conclusions of law of the Court as to all of defendant's arguments except that the Court will specifically address defendant's § 2255 argument that this court wrongfully enhanced his sentence by making factual findings not admitted by the defendant as required in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

In *Blakely*, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory maximum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 124 S.Ct. at 2536. Despite the recent extension of the *Blakely* principle to the Federal Sentencing Guidelines, the Supreme Court strongly implied in *Booker* that the new rule cannot be applied retroactively to cases on collateral review. *United States v. Booker*, 125 S. Ct. 738, 749 (2005).

The Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). In *Humphress*, the Sixth Circuit noted that the Supreme Court has ruled that federal habeas corpus petitioners may not rely on new rules of criminal procedure that were handed down after their convictions became final. *Humphress*, 398 F.3d at 860 *(citing Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004)). The Supreme Court has held that there are two exceptions to the general rule of nonretroactivity of a new procedural rule: 1) nonretroactivity does not apply to rules forbidding punishment of certain primary conduct

2

or to rules prohibiting a certain category of punishment for a class of defendants because of their status or offense; 2) nonretroactivity does not apply to watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Teague v. Lane*, 489 U.S. 288 (1989).

In *Humphress*, the Sixth Circuit specifically found that *Booker* announced a new rule, not dictated by precedent. *Humphress,* 398 F.3d at 861. The court also found that the *Booker* rule did not fall into either of the *Teague* exceptions: 1) it clearly did not apply to the first exception and 2) the second exception applies only to a small core of rules that are so central to an accurate determination of innocence or guilt that new rules rarely emerge. *Id.* at 862. The Sixth Circuit then unequivocally held that *Booker* does not apply retroactively to cases on collateral review. *Id.* at 860.

As this court is bound by the Sixth Circuit's *Humphress* decision, neither *Blakely* nor *Booker* and its progeny are to be applied retroactively to cases on collateral review.

When a defendant such as Mr. Davis does not take a direct appeal, then, "an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States,* 358 F.3d 424 (6th Cir.2004); see also *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir.2002) ("when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered ... or on the date on which the time for filing such appeal expired"; describing the latter as the "majority view"); *Chandler v. United States,* 22 Fed. Appx. 399, 400 (6th Cir. Sept.25, 2001).

In the present case, judgment was entered on March 20, 2003 (Doc. # 43), and

3

defendant's conviction became final no later than the expiration of the time for taking a direct appeal, which was March 31, 2003.[1] Thus, his conviction became final prior to the Supreme Court's 2005 decision in Booker. Accordingly, the Court's holding in Booker does not apply retroactively to provide defendant with any grounds for relief from his conviction and sentence.

Moreover, to the extent defendant attacks the Magistrate Judge's use of the facts contained in his presentence investigation report in setting forth the factual background, because there was no objection to those same facts at sentencing, Davis has waived his right to attack their use in adjudicating his § 2255 motion. Additionally, any statement by the defendant that he did not know either of his co-defendants would be using guns during the robbery is completely inaccurate. As set forth in the R&R, the undersigned asked the defendant if he knew the gun would be used during the commission of the robbery and he responded "yes." To argue otherwise is disingenuous and contrary to the record.

Finally, a certificate of appealability will not issue because Davis has not made a substantial showing of a denial of a constitutional right. Murphy v. Ohio, 263 F.3d 466 (6th Cir. 2002).

---

[1] Although one of the grounds raised in defendant's § 2255 motion is ineffective assistance of counsel for not pursuing a direct appeal, the Court agrees with Magistrate Judge Wehrman's conclusion that defense counsel satisfied his constitutional obligations by consulting with defendant regarding his appeal rights.

4

Accordingly, it is hereby **ORDERED AND ADJUDGED AS FOLLOWS**:

1. Defendant's objections to Magistrate Judge Wehrman's Report and Recommendation are **overruled**;

2. Magistrate Judge Wehrman's Report and Recommendation (Doc. # 70) is adopted by the Court and incorporated herein by reference;

3. Defendant's motion to vacate or set aside his conviction and sentence (Doc. # 58) be, and is hereby **denied**, and this matter is **dismissed with prejudice**, and stricken from the Court's docket;

4. For the reasons set forth above and in Magistrate Judge Wehrman's Report and Recommendation, the Court determines that no certificate of appealability should issue.

This 25th day of May, 2005.



Signed By:
*David L. Bunning*
**United States District Judge**

G:\DATA\ORDERS\CovCrim\2002\02-54-Adopt-R&R-Order.wpd